**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

REGGIE ELLIOTT and BRENDA EJIMORFOR as
Co-Adminstrator and Co-Administratrix
of the Estate of Joe Elliott, deceased;
ORLANDO ELLIOTT and FRANKIE MITCHELL as
Co-Guardians of OLANDREA ELLIOTT, a minor;
MICHAEL ELLIOTT; and ALMA ELLIOTT                                    PLAINTIFFS

V.                                                                        CASE NO. 3:10CV102

CITY OF HOLLY SPRINGS;
EL PASO CORPORATION;
TENNESSEE GAS PIPELINE;
TRI-STATE METER AND REGULATOR SERVICE, INC;
AMERIGAS PROPANE, LP;
and JOHN DOES 1-25                                                      DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court on the motion **[8]** of Plaintiffs, Brenda Eljimofor,

Alma Elliott, Michael Elliott, Orlando Elliott, Reggie Elliott, and Frankie Mitchell, for remand to

the Circuit Court of Marshall County, Mississippi. Defendant AmeriGas Propane has responded

in opposition, joined by all known defendants.

Plaintiffs filed the instant action on October 14, 2008 against the City of Holly Springs,

El Paso Corporation and John Does 1-25 seeking damages for injuries that they or their decedent

sustained as the result of a natural gas explosion which occurred in Holly Springs on April 3,

2008. Plaintiffs alleged state law claims and a failure to adhere to minimum standards provided

by the Code of Federal Regulations and the Natural Gas Act of 1938. No defendant attempted to

remove the action at this time.

On or about April 2, 2009 Plaintiffs filed a First Amended Complaint, modifying causes

of action against the existing defendants. Again, no defendant attempted removal.

Plaintiffs mailed a Second Amended Complaint on December 2, 2009 to the Circuit Clerk

of Marshall County, Mississippi and all counsel of record. This complaint added Tennessee Gas Pipeline ("TGP") and Tri-State Meter and Regulator Service, Inc. as defendants. Plaintiffs' second amendment further asserted state law causes of action of design defect, failure to warn, and intentional or negligence infliction of emotional distress against Defendants El Paso and Holly Springs. El Paso and TGP removed the action to this court on December 30, 2009, and Holly Springs and Tri-State joined in this notice on January 9, 2010 and January 29, 2010, respectively. Plaintiff then moved to remand the action to state court.

On June 2, 2010 this court issued an order and opinion granting Plaintiffs' motion to remand. Judge Davidson determined that Plaintiffs' claims were based on federal law. However, the court further found that the notice of removal was procedurally defective as untimely and Defendants' right to remove could not be revived. Specifically, the court held that the addition of Defendants TGP and Tri-State and specific citations to the previously referenced Code of Federal Regulations did not substantially alter the complaint as to constitute essentially a new suit. Thus, the case was remanded to the Circuit Court of Marshall County, Mississippi.

On September 15, 2010 Plaintiffs mailed its third amended complaint, which was filed by the Marshall County Circuit Clerk on September 27, 2010. Pursuant to the Mississippi Rules of Civil Procedure, "[s]ervice by mail is complete upon mailing." Miss. R. Civ. P. 5(a). Plaintiffs' third amendment added AmeriGas Propane, L.P. as a defendant. Thus, all defendants, including newly added AmeriGas, were served on September 15, 2010.

Defendant Holly Springs submitted its answer to the Circuit Clerk of Marshall County on September 22, 2010. Defendants El Paso and TGP filed their answer in state court on September 29, 2010.

AmeriGas did not file an answer, but instead filed its notice of removal with this court on October 7, 2010. Defendants Tri-State, Holly Springs, El Paso, and TGP joined the notice and

consented to removal on October 8, 2010.

Plaintiffs promptly filed the instant motion claiming that Defendants' removal was untimely and as such, procedurally defective.[1]

This court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). To determine whether a case "arises under" federal law, this court must look to the "face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987). The burden of establishing federal jurisdiction rests on the party seeking a federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants embracing the place where such action is pending." 28 U.S.C. § 1441(a). The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. . ." 28 U.S.C. § 1446(b). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amending pleading . . . from which it may first be ascertained that the case is one which is or has becomes removable . . ." *Id*.

Once a defendant has removed a case, the plaintiff may move for remand. Untimely filing of the removal petition is a procedural defect warranting remand of an action to state court. *Royal v. State Farm Fire and Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982) (citing *London v. United States Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir. 1976)). The Fifth Circuit has held that removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue*

---

[1]Defendant Tri-State filed an answer with this court on October 12, 2010, subsequent to Plaintiffs' motion to remand.

*Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *see also Shamrock Oil and Gas Corporation v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed 1214 (1941).

This court has previously determined that subject matter jurisdiction over Plaintiffs' claims is proper, as the claims are based on federal law. *See Elliott v. City of Holly Springs*, 2010 U.S. Dist. LEXIS 58688, at *7 (N.D. Miss. June 2, 2010). Thus, the court will only address Plaintiffs' procedural argument herein.

Plaintiffs contend that a procedural defect warrants remand, as Defendants did not file a timely notice of removal. The removal period expired thirty days after the filing of the initial complaint.[2] The first-served defendants did not remove at this time, and this waiver is imputed to AmeriGas. *Baych v. Douglass*, 227 F.Supp.2d 620, 621 (E.D. Tex. 2002) (citing *Getty Oil v. Ins. Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)). However, "[t]here is one narrow judicially-created exception to the thirty-day rule, known as the revival exception." *In re Methyl Tertiary Butyl Ether Prod. Liab.*, 2006 WL 1004725, at *3 (S.D.N.Y. Apr. 17, 2006).

For the revival exception to apply, this court must determine whether Plaintiffs' complaint was amended "so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Hueblein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). In *Hueblein*, the revival exception applied since the original complaint beared absolutely no resemblance to the amended complaint and exposed the defendants to much greater liability. "The Fifth Circuit has not elaborated further on when an amended complaint so substantially alters the character of an action that it constitutes 'essentially a new lawsuit.'" *Baych*, 227 F.Supp.2d at 623 (quoting *Hueblein*, 227 F.3d at 241)). "However, district courts have held that as long as the lawsuit remains essentially the same and the identical factual situation will be

---

[2]The original complaint filed on October 14, 2008 in the Circuit Court of Marshall County referenced the Code of Federal Regulations and the Natural Gas Act of 1938. Defendants could have ascertained at this time that Plaintiffs' claims were based on federal law.

presented at trial, amending the complaint does not, in and of itself, alter the character of the action." *Id.* (citing *Louisiana Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp.*, 207 F. Supp.2d 524, 526 (M.D. La. 2002); *Turner v. Mine Safety Appliances Co.*, 2001 WL 456351, at *3 (E.D. La. Apr. 27, 2001)).

Defendants argue that the addition of AmeriGas to this suit as a supplier of propane gas substantially altered the complaint, as to warrant removal based on the revival exception. The mere addition of a new party does not in and of itself transform the character of the action.[3] *Louisiana Farm Bureau*, 207 F.Supp. at 526.

Defendants further argue that the Plaintiffs' third amendment constitutes a new and alternate theory of causation and factual basis that was not alleged in any of the previous complaints. In support, Defendants contend that propane gas and natural gas are distinct in fire signatures, chemical makeup, storage, transportation, and delivery to the home. Defendants also claim that Plaintiffs' experts will have to establish that now propane, rather than natural gas, caused the subject explosion.

Plaintiffs do not dispute that the gases are dissimilar, but counter that their experts will maintain that natural gas was the source of the leak causing the explosion. Plaintiffs' rationale in adding AmeriGas is that their attorney simply wished to avoid the apportionment of fault to a non-party at trial. Thus, the target of Plaintiffs' attack, by their own admission, is not AmeriGas. Rather, Plaintiffs intend to present the same evidence at trial as they had planned prior to their third amendment.

Further, the already-named defendants will likely present the same evidence as they had previously planned through expert testimony that propane and not natural gas caused the

---

[3]Defendants' reliance on the Fifth Circuit's opinion in *Braud v. Transp. Serv. Co. of Ill.* for the proposition that the addition of a new defendant creates essentially a new suit is misplaced, as previously noted and discussed by this court. 445 F.3d 801, 805 (5th Cir. 2006); *see Elliott*, 2010 U.S. Dist. LEXIS 58688, at *16.

explosion.  Regardless, the addition of AmeriGas as a defendant does not expose the already-named defendants to greater liability, but rather is consistent with the defense theory they had already established.  Both sides will present the same experts as previously planned, and the jury may weigh each witness's testimony to determine the cause of the explosion.

The core of this lawsuit still arises from the alleged explosion and the injuries suffered as a result.  Plaintiffs' legal theory of the case remains the same.  Further, Plaintiffs will present the same factual situation at trial.

Based on the foregoing, the court finds that the addition of AmeriGas did not substantially alter the nature of the case as to revive Defendants' right to remove.  Remand is appropriate because Defendants failed to timely file a Notice of Removal.

Plaintiffs' motion **[8]** is **GRANTED**.

This the 6th day of June, 2011.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**